CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 JUL -6  AM 11: 45

DEPUTY CLERK_____

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| VANNESSA LYNN WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-988-O-BL |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of | § | |
| Social Security, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Vannessa Williams seeks judicial review of the decision of the Commissioner of Social Security (Commissioner), who denied her applications for Supplemental Security Income (SSI) and disability insurance benefits (DIB) under Titles II and XVI of the Social Security Act (Act). The United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering all the pleadings, briefs, and administrative record, this Court recommends the Commissioner's decision be affirmed and this case be dismissed.

## I. STATEMENT OF THE CASE

Williams filed applications for DIB and SSI on November 21, 2011, alleging impairments that were disabling as of February 1, 2009. Those applications were denied initially on March 23, 2012, and again after reconsideration on July 11, 2012. Williams requested a hearing, which was held before an administrative law judge (ALJ) on July 24, 2013. The ALJ issued a decision on September 20, 2013, finding Williams not disabled.

Specifically, the ALJ established during step one that Williams had not engaged in substantial gainful activity since February 1, 2009. (Doc. 10-3, 27). At step two, the ALJ determined Williams had the severe impairments of obesity, lumbar and cervical degenerative disc disease, sacro-illitis, pes planus, chronic chest wall pain, major depressive disorder, post-traumatic stress disorder, panic disorder without agoraphobia, and history of eustachian tube dysfunction with chronic sinusitis. (Doc. 10-3, 27). In step three, the ALJ found that Williams did not meet or equal in combination an impairment listed in 20 C.F.R. § 404(p). (Doc. 10-3, 28). The step three analysis continued, with the ALJ ruling that Williams retained the residual functional capacity (RFC) to

> [p]erform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except she could lift/carry 50 pounds occasionally and 25 pounds frequently. Additionally, she could stand/walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. She could never climb, balance, or operate foot controls. She must avoid all exposure to hazardous moving machinery and unprotected heights due to dizziness from allergies and its side effects. She retains the ability to carry out simple tasks and lower end detailed tasks, but not complex tasks. She would be able to sustain concentration and attention sufficient to complete such tasks on a regular and continuing basis. Work needs to be in a routine setting. She would be able to have frequent interaction with others if it is superficial and incidental to the job, i.e., she could take instructions and work in proximity to others, but should not have to interact with them to accomplish the assigned task.

(Doc. 10-3, 30). At step four, the ALJ concluded Williams was unable to return to past relevant work, and at step five ruled that the Administration met its burden by showing there were sufficient opportunities in the economy which Williams could perform, and that Williams was therefore not disabled. (Doc. 10-3, 33-34).

Williams applied to the Appeals councils for review, which denied that review on October 6, 2014. Therefore, the ALJ's ruling is the Commissioner's final decision and is

properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review.")

## II. FACTUAL BACKGROUND

According to her pleadings, testimony at the administrative hearing, and the administrative record, Williams was 54 years old and married but living alone at the time of the administrative hearing. She has completed some post-high school education and worked previously as a security officer, at Goodwill decorating window displays and unloading trucks, and as an administrative assistant. She complains that her physical and mental impairments render her disabled under the Act.

## III. STANDARD OF REVIEW

A person is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423(d)(1)(A) (2012). "Substantial gainful activity is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 f.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4),

3

416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite their limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence is "more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452. The Court may not reweigh the evidence, try issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Williams raises three issues on appeal. She claims that the ALJ's RFC determination is not supported by substantial evidence, that the ALJ's credibility determination is not supported

by substantial evidence, and that the Commissioner did not meet the step five burden of showing that there are jobs in the economy that Williams can perform.

## A. RFC Determination

Williams begins by asserting that the ALJ has an affirmative duty to develop the record before reaching a decision. (Doc. 12-1, 9; citing *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). However, such a duty "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (5th Cir. 2001).

Williams complains that the ALJ did not state explicitly what weight was given to the evidence from Dr. Kaner and Dr. Patel, which is impermissible because the ALJ must logically build out the analysis to allow for meaningful review. (Doc. 12-1, 10) (citing *Walker v. Astrue*, 2010 U.S. Dist. LEXIS 24117, *31-32 (N.D. Tex. March 13, 2010). However, the relevant questions are whether substantial evidence supports the ALJ's decision and whether the ALJ applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)).

Williams argues that failure to assign a specific weight and specifically detail the influence of the evidence offered from Drs. Kaner and Patel means it is "unclear how the final RFC determination was reached." (Doc. 12-1, 10). If present, this ambiguity would trigger the ALJ's duty to develop the record as Williams claims. However, the ALJ specifically stated that she made her decision having

> considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and 416.969 and SSRs 96-4p and 96-7p. [She] also considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

(Doc. 10-3, 30).

Williams does not argue that there are limitations provided by Dr. Kaner or Dr. Patel that should have been incorporated into the RFC, but rather that failure to explicitly state that these opinions were given a certain weight level and incorporated into the RFC dooms the entire RFC as a matter of course. (Doc. 12-1, 9-10). This procedural perfection is not required of ALJs in setting out their findings. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Without showing that the RFC was the result of the wrong legal standards or is not supported by substantial evidence, the ALJ's RFC finding should stand.

## B. Credibility Determination

Williams next argues that the ALJ's credibility determination is not supported by substantial evidence.

> No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms."

SSR 96-7p, 1996 WL 374186. "[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements...." *Id.* But, "[a]n individual's statements about the intensity and persistence of pain or other symptoms ... may not be disregarded solely because they are not substantiated by objective medical evidence." *Id.*

"[N]ot all pain is disabling" and "subjective evidence need not be credited over conflicting medical evidence." *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). The ALJ noted that Williams was able to carry out basic activities of daily living, including dressing,

feeding herself, using the telephone, preparing meals, doing laundry, and vacuuming. (Doc. 10-3, 33). Although "[I]t is not sufficient for the adjudicator to make a single, conclusory statement" that the claimant's allegations have been considered, the ALJ in this case sufficiently referred to "specific reasons for the finding on credibility, supported by the evidence in the case record, and [is] sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186. Here, the ALJ did so by specifically stating what evidence in the record led to the credibility determination. (Doc. 10-3, 33). Williams has not shown that the ALJ's credibility determination is unsupported by substantial evidence or based on the incorrect legal standard.

### C. Step Five Determination

Williams finally argues that the "errors in determining Williams' RFC and evaluating Williams' credibility … render the Step 5 finding inherently unsupported by substantial evidence." (Doc. 12-1, 12). As above, the RFC finding and credibility determination are supported by substantial evidence and based on the correct legal standards. Williams fails to show that the hypothetical question and vocational expert's testimony are an insufficient basis for the ALJ's step five determination that there are jobs in the economy she can perform.

### V. CONCLUSION

The ALJ's RFC finding, credibility determination, and step five analysis are supported by substantial evidence and the result of the correct legal standards. Considering the foregoing, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Williams's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated July ___6___, 2016.


_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

8